Rüffijv, Chief Justice.
If the objectionto the jurisdiction were valid, it comes too late after a plea in bar. — But we think the matter does not constitute a good objection, if it had been taken in apt time.
The warrant is for a less sum than thirty pounds, which is demanded as a balance due for work and labor done. The. book debt act, 1756, (1 Rev. Stat. c. 15, sec. 1) requires the plaintiff to declare upon oath, that he has given the defendant all just credits; and the acts creating and extending the jurisdiction of a single magistrate expressly provide the remedy by warrant, not only for demands, originally, of 30 pounds or under, but also, for a balance of that amount due for goods sold and delivered, or for work and labor done. Where there are mutual accounts the legislature intended to make the balance the true debt, for the purposes of this jurisdiction. If the plaintiff should not attempt to prove his demand by his own oath, he may not be confined to this method of proceeding, but may sue in a court of record, and leave it to the defendant to insist on his set-off. But it is not a fraud on the jurisdiction of the courts, nor an evasion of the statutes to allow, in the first instance, all the just counter-demands of the other party, and thereby reduce “ the balance due ” to a sum within the jurisdiction of the Justice of the Peace. The credits entered by the plaintiff in this case are not fictitious and given for the mere purpose of the summary proceeding, but are truly for payments, or a just set-off; and the case is therefore within the letter and policy of the statutes which give this as a fair mode of settling, and a summary method of collecting small demands.
Both law and justice alike forbid the allowance of the sums claimed by the defendant as deductions from the bal- *87 anee of the plaintiff’s account upon proof at the trial, since he had already the benefit of them by the admission of the plaintiff on the face of the account.
Per Curiam. Judgment affirmed.