Nash, C. J.
 

 The action commenced before a single magistrate upon an account for sixty dollars; the account was, originally, for $72,95, but upon it was a receipt for $12,96, leaving the amount claimed, as stated in the warrant. On the argument it was insisted that the account, in its legal character, was one, and could not be cut up, without the assent of the defendant, into different parts, so as to bring it within the jurisdiction of a justice of the peace.
 

 We do not agree to the proposition. It is not true in law. Where an account consists of divers, dealings of the parties at different periods of time, each dealing is a several transaction, and an action may be maintained on each. Thus, if a merchant has a store and black-smith shop, although the accounts are kept in the same book, he may bring an action upon each separately.
 

 If there be but one dealing, as the sale of a horse at $75, the plaintiff cannot give a single justice jurisdiction, by entering a credit; but where there are separate and distinct dealings, the plaintiff may warrant upon such portion of the account as he may elect, and introduce any number of the dealings he thinks proper. In'the latter case the statute of limitations runs from the date of each dealing. See
 
 Green
 
 v.
 
 Caldcleugh,
 
 1 Dev. and Bat. 320.
 

 
 *175
 
 This doctrine does not apply to actions under the book-debt law, when the plaintiff sustains his action by his own oath; because the plaintiff has to swear that the account rendered contains a true account of all the dealings.
 

 We hold that, the plaintiff in this ease had a right to this action, without reference to the credit entered on the account, and that the magistrate had jurisdiction.
 

 Pee Cubiam. Judgment affirmed.