### JAMES BOYLE *v.* THEOPHILUS A. ROBBINS.

A creditor, whose account consists of several items, either for goods sold, or labor done at different times, each of which is for less than $200, although the aggregate of the account exceeds $200, may sue before a Justice for any number of such items not exceding $200.

If, however, the debt is an entire one, consisting of but one item, and exceeds $200, it cannot be divided to give the Justice jurisdiction.

The notice of the claim to enforce a mechanics' lien, within the jurisdiction of a Justice of the Peace, may be filed with the Clerk of the Superior Court.

Where the holder of a claim, secured by a lien, prior to the commencement of an action against the defendant, assigns a portion of his claim to another person, such assignee is not a necessary party to the action.

CIVIL ACTION, to enforce a mechanics' lien, originally brought before a Justice of the Peace, December, 1871, and heard by *Watts, J.*, at the February (Special) Term, 1873, of CRAVEN Superior Court.

The following are the facts as settled and signed by the counsel of the parties, plaintiff and defendant.

The lien originally was for $346.43, and was duly registered in the office of the Clerk of the Superior Court at that amount. It was a lien upon a house and lot in Queen street, in the city of Newbern, adjoining the A. & N. C. Railroad, purchased by defendant as a dwelling house.

Prior to the commencement of this action the plaintiff assigned to one John E. Amyett a portion of the claim against the defendant, secured by said lien, thereby reducing the amount of plaintiff's claim, so secured, to $137. Subsequently, and before the commencement of this action, defendant and wife mortgaged the said premises to the said Amyett, to secure that portion of the amount assigned to Amyett by plaintiff, together with other indebtedness.

Upon this state of facts defendant claims that the plaintiff can

not recover before a Justice of the Peace; and also that Amyett is a necessary party to the action, asking that the same be dismissed.

The Justice of the Peace gave judgment for plaintiff for the amount claimed, and that the same was a lien upon the house in question. From this judgment defendant appealed.

Upon the hearing, His Honor reversed the Justice's judgment, granting judgment in favor of the defendant, from which the plaintiff appealed.

*Seymour*, for appellant, submitted:

(1.) That the amount claimed was less than $200, and that the Justice therefore had jurisdiction. Const., Art. IV., sec. 33; Bat. Rev., Lien, &c., sec. 5.

(2.) Plaintiff and defendant, *by consent*, divided the amount due —— by assignment of part, and so reduced the amount to a less sum than $200. *McRae* v. *McRae*, 3 Dev. & Bat., 85; *Fortescue* v. *Spencer*, 2 Ired. 63; *Waldo* v. *Jolly*, 4 Jones, 173.

*Stephenson*, contra, argued:

1. No consent can give jurisdiction. *State* v. *Roberts*, 1 Hay. 176.

2. A mortgage is only collateral security, and cannot change the nature of the original debt.

3. Two notes aggregate more than $200, secured by a mortgage. Judgment can be taken on the notes before a Justice of the Peace; but the mortgage can only be foreclosed in the Superior Court.

4. A mechanics' lien filed in the Superior Court, can only be enforced therein. Bat. Rev. chap. 65, sec 10; Laws 1868–'69, chap. 206, chap. 254.

5. Action should have commenced in the Superior Court, and Amyett should have been made a party.

RODMAN, J. 1. As to the jurisdiction of the Justice as affected by the original amount of the debt.

The general rule is plain and familiar. A creditor whose demand against his debtor consists of an account of several items, either for goods sold or for labor done, at different times, each of which is less than $200, although the aggregate amount of the account exceeds $200, may sue before a Justice, for any number of such items not exceeding $200. Each item is, in fact, a separate debt, and there is nothing to forbid a separate action on each. It is true that if a plaintiff wantonly or maliciously should bring a great number of actions on separate items which might have been consolidated, the Court will compel him to consolidate them at his costs.

If, however, the debt, whether it be proved by a written or an oral contract, is an entire one, consisting of but one item, exceeds $200, it cannot be divided so as to give a Justice jurisdiction.

For example, a seller of a horse for $300, cannot divide his account and have two actions before a Justice. Neither can a carpenter who has built a house upon contract for an entire sum for over $200, nor a material man who has furnished materials upon an entire contract.

In this case, although it was stated expressly in order that the question of jurisdiction might be raised for decision, the character of the plaintiff's demand is not stated. We can only presume it, by considering on which party the duty fell of setting forth its character. The demand was on the face of the warrant within the jurisdiction. It lay on the defendant to allege matter to defeat it, as he might have done *prima facie* by showing that the debt was an entire and indivisible one. Not having done so, the presumpsion is, that it was composed of several separable items. This presumption from the course of pleading is sustained as a fact by the ratification by the defendant of the assignment of a part of the original account to Amyett.

Even if the original debt had been entire, a consent by the defendant to the assignment of a part of it, if given at or before the assignment, would have been evidence of promises to pay

the debts thus severed, and a subsequent ratification is certainly evidence of an assent to the severance for the purpose of jurisdiction. Our conclusion is that the jurisdiction of the Justice is not defeated by this objection.

2. It is contended that the Justice had no jurisdiction because the notice of lien was originally filed with the Clerk of the Superior Court.

We think that no sufficient reason was suggested in support of this objection. The act (1869–'70, ch. 206, sec. 4,) requires the claim to lien when under $200 to be filed with the *nearest* magistrate. But it does not confine the jurisdiction to enforce it to such magistrate. On the contrary, the act of 1868–'69, ch. 117, sec. 7, (Bat. Rev., ch. 65, sec. 10) gives jurisdiction in such case to any Justice of the county. Consequently, it cannot be necessary that the Justice before whom application is made to enforce the lien, should be in possession of the *original* notice of lien ; a copy from the magistrate with whom it was filed, must be sufficient.

If that be so, there can be no reason why a copy of a notice properly filed with the clerk, will not also suffice. The only reason why the justice who is to enforce the lien, must have a copy of the notice is, because he is required to state in his judgment the date of the lien, and also what property it binds. At least this last seems to be required by the act of 1868–'69, ch. 117, sec. 9, (in Bat. Rev., sec. 11,) as well as by reason and convenience.

3. A more serious question is, whether Amyett should not be a party. If Amyett is a necessary party, without whom full justice cannot be done, the jurisdiction of the Justice is excluded. Because, 1. if he be a party, the Justice must determine in one action a demand for more than $200 ; and 2. The Justice has no jurisdiction to order a sale of land and distribute the proceeds.

It is said by defendant that Amyett did not waive his statutory lien by taking a mortgage. In the absence from the mortgage of any inconsistent provisions, we concede this. Then

it is said that the whole of the subject property may be sold under a judgment in favor of plaintiff, and if it shall bring less than the whole lien, the plaintiff will obtain a preference to the prejudice of the equal *pro rata* claim of Amyett. This we think can only be so through laches on the part of Amyett. By sec. 9 of Bat. Rev. above cited, the execution of the Justice's judgment is to be enforced, so far as is material to the present question, like other Justices judgments. The judgment of the Justice containing the required particulars may be docketed in the Superior Court, and an execution in the nature of a *venditioni exponas*, with a *fieri facias* clause may issue, under which the subject land will be sold, and the proceeds will be distributed under the direction of the Superior Court, where Amyett may make his claim. The possible inconveniences are no greater than frequently occur, where there are several judgments of cotemporaneous lien against an insolvent debtor, and the inconvenience furnishes no argument against the jurisdiction of the Justice.

PER CURIAM. Judgment of the Superior Court reversed; and as enough does not appear on the record to enable this Court to give judgment, the action is remanded to be proceeded in, in conformity to this opinion. The plaintiff will recover costs in this Court.