JOHN L. MOREHEAD v. THE WESTERN NORTH CAROLINA
RAILROAD COMPANY.

*Pleading—Issues—Parties—Stock—Attachment.*

1. The lien of an attachment takes effect from its levy, and so, where in an action to compel a corporation to transfer certain stocks on its books, which the plaintiff had purchased at execution sale after it had been attached to answer the judgment, and the defendant answered that said stock had been transferred by the judgment debtor before the rendition of the judgment, but did not aver that such transfer was before the levy of the attachment; *It was held,* that the answer did not raise an issue, or set up a substantial defence.

2. Where the answer asks that new parties be made, this will not be done, when taking the answer as true; such party would have no ground on which to resist the plaintiff's claim.

3. *It is intimated,* that the purchaser of shares of an incorporated company, at a sale under an attachment against the party who appears on the stock-book of the corporation to be the owner, gets a title superior to that of a transferee from such apparent owner, who has not had the transfer made on the books of the corporation.

CIVIL ACTION, heard before *Shipp, Judge,* at Chambers, in Charlotte, on the 7th day of August, 1886.

Under an attachment issued in an action prosecuted by the present plaintiff and Julius A. Gray, in the Superior Court of Mecklenburg county, against William J. Best, and levied on seventy-five hundred shares, owned and held by him in the capital stock of the defendant company, the same was sold to the plaintiff for the sum of twenty cents per share, and the sheriff gave him a certificate therefor. This certificate, as evidence of the sale and the plaintiff's title to the stock, was deposited with the proper officers of the corporation, and a demand made for its transfer to the purchaser. This was refused, and the present action is for an order compelling the company to make the transfer of the stock on its books from the said Best to the plaintiff, and to issue a certificate of said shares to him as the owner thereof.

The answer admits the plaintiff's allegations, and by way of defence for the protection of the company, alleges, upon information and belief of its president, that before judgment was recovered in the action mentioned against said Best, he had assigned his stock to the Boston Construction Company, a corporation organized under the laws of Massachusetts. The grounds for this belief are, that one W. S. Denny, professing to be its treasurer in 1882, so informed the president of the defendant company; and that soon afterwards, the said Denny forwarded a paper in form, and purporting to

be a copy of the assignment, which paper has been lost, and after diligent search cannot be found.

The defendant insists that this claimant of the property should be brought before the Court, so that the ruling upon the question of the conflicting claims may be conclusive and binding upon both parties, and ensure protection to the defendant.

The cause was heard, we suppose by consent as no objection was made, before the Judge at Chambers, upon the case as made in the pleadings, and he finds as facts, besides the allegation in the complaint admitted in the answer, as follows:

I. That though the defendant alleges in its answer, that there was an assignment of said stock prior to the judgment, there was no evidence of any assignment whatever, either prior to the suing out of the attachment and its levy upon the same, or at any time.

II. There was no evidence of the existence of such corporation as the Boston Construction Company, or of any transfer of the stock of Best to any one; nor of the existence of such a man as Denny, said to be its treasurer; nor of any written transfer or copy of such by said Best, other than appears in the answer.

III. That as matter of law, the answer, in not averring the assignment to have been made before the levy of the attachment, fails to raise any material issue of fact requiring the intervention of a jury. Thereupon, it was considered and adjudged by the Court, that the plaintiff is entitled to the relief demanded, and the Court doth command and enjoin upon the defendant corporation, that it shall forthwith transfer to the plaintiff, upon the stock-book of the company, the seventy-five hundred shares of stock standing on the books in the name of Wm. J. Best, and forthwith to make, execute and deliver in proper form to said John L.

Morehead a certificate of stock for the said seventy-five hundred shares of stock.

From this judgment the defendant appealed.

*Messrs. Jos. B. Batchelor* and *John Devereux, Jr., (Mr. R. D. Johnston* also filed a brief,) for the plaintiff.

*Mr. Chas. M. Busbee,* for the defendant.

SMITH, C. J., (after stating the facts). We concur in the opinion of the Court, that inasmuch as the *lien was formed by the levy of the attachment,* and the answer avers the assignment to have been made, not before that levy, but before the rendition of judgment, it does not in terms put in issue the superior title by assignment, and the plaintiff's paramount claim is consistent with the other, as subordinate. There was no reason therefore for delaying the cause by an effort to introduce into it a new party, whose very existence seems to be in doubt, and who. if there be such, so far as the answer speaks, could not controvert the plaintiff's demand with success. We are not prepared to admit, if the assignment supposed to have been made, was prior in time to the levy of the attachment, that it would be ground for arresting the progress of the action until the assignee could be brought in, for the proof of such fact shown by the defendant, would be a full answer to the plaintiff's action, as much so as if the new claimant had intervened and set up his own title, in an issue raised between the plaintiff and himself.

Certainly a person owning property in possession of another, cannot be stopped in pursuing and recovering it, because a party in whom the defendant alleges the property to be, is not introduced in the cause, inasmuch as the plaintiff must prove his own title, and proof of its being in some one else, would equally defeat his action. We have not therefore considered the point discussed in the brief, and which seems to be supported by the authorities referred to, that a

legal transfer of stock can only be effectuated by a transfer upon the books of the corporation by a surrender of the former, and the issue of a new certificate to the assignee. *Bank* v. *Watsonton,* 105 N. S., 222; and other cases cited in the brief.

The necessity of regarding as stockholders all whose names are on the corporation registry, until the change is made in the manner mentioned, arises from the fact that in this manner only can they be known, which could not be, if a transferred certificate alone had such effect. Such an assignment entitles the holder to have the transfer made effectual, and then, and not before, he becomes a legal owner, and entitled to all the rights of a stockholder.

There is no error, and the judgment must be affirmed, with costs against the defendant.

Since the foregoing opinion was prepared, application has been made to the Court by motion of defendant's counsel, for an order remanding the cause to the Superior Court from which the appeal was taken, in order that a new party, claiming to be owner of 5820 shares of the stock purchased by the plaintiff, may be brought into the action and his title enquired into and concluded in the final judgment for the protection and security of the company. The motion is based on information received by the President of the defendant company, in a notice served on him by the claimant on February 12th, since the present session began, with a demand, that upon the surrender of the certificates which are enumerated, other certificates of the same amount be issued to him, the alleged assignee.

The notice and demand are not verified, nor so far as the affidavit discloses, is the time of the transfer given, other than by a statement founded on information and belief, that they were made prior to the lien of the attachment.

Without adverting to the suggestive fact of such long delay after the assignment, in giving notice to the company. and demanding the issue of new certificates, we decline granting the motion, for reasons sufficiently appearing in the opinion, and because no harm can come to the company by proceeding to determine the appeal. If the new claimant has a preferable right to the stock, it can still be asserted as before against the parties in the present action, which only determined the title as between the parties to it.

No error.                                         Affirmed.