W. F. KORNEGAY & CO. v. THE FARMERS AND MERCHANTS' STEAMBOAT COMPANY.

*Parties—Lien—Mortgagee—Prior Incumbrance—Motion*

1. The plaintiff furnished the defendant materials for fitting a steamboat in 1883, and they were used for this purpose, and, shortly thereafter, in the same year, duly filed notice of lien: *Held*, in an action to enforce this lien, a subsequent mortgagee was not a necessary party, and still less where the Court was ready to proceed to judgment when the motion was made.

2. Where there is a defect of parties, and this appears from the complaint, objection should be taken by demurrer; otherwise, in the answer.

This was a CIVIL ACTION, tried at February Term, 1890, of CRAVEN Superior Court, before *Womack, J.*

This action was brought, as stated in the case settled on appeal for this Court, "to recover of the defendant two thousand dollars on a contract made by the plaintiff with the defendant for certain machinery, described in article 2 of the complaint, and for $79.16, for the value of certain articles furnished to defendant, as alleged in article 1 of the second cause of action in the complaint, and to have the same declared a lien on the steamboat Carolina, described in the complaint, and that said steamboat be sold to satisfy the same, under the contract, lien and notice.

Pursuant to previous contract, the plaintiff furnished defendant certain materials for fitting out its steamboat, in 1883, and shortly thereafter docketed a notice of this lien in the Superior Court of Craven County.

The defendant, in its answer, denied the allegations of the complaint, and set up the fact that said steamboat had been conveyed to T. E. Hooker by a bill of sale, shown to the Court, and dated January 25th, 1884, and recorded in the United States Custom House January 26th, 1884.

At the May Term, 1886, of said Court, the cause was referred to Henry R. Bryan, Esq., pursuant to the order in the record.

The cause came on for a hearing upon the report of the referee, and the exceptions filed thereto by the defendant, and his Honor found the facts to be as reported by the referee, and adopted them as his own.

The defendant thereupon moved that the plaintiff be required to make T. E. Hooker a party to the action. Motion refused. Exception by defendant.

The exception of the defendant was then overruled, to which defendant excepted, and judgment rendered as set out in the record. To which judgment defendant excepted, for error by the Court as above set out.

*Mr. Clement Manly*, for plaintiff.
*Messrs. M. De W. Stevenson* and *W. W. Clark*, for defendant.

MERRIMON, C. J.—after stating the facts: After the Court had found the facts of the case in the course of the action, and was ready to proceed to give judgment, the defendant moved that T. E. Hooker be made a party thereto, on the suggested ground that the defendant had executed to him a mortgage of the vessel mentioned to secure his debt, subsequent to the lien thereon of the plaintiff, specified in the complaint. That such person had such mortgage did not render him a *necessary* party to this action. Any rights, legal or equitable, acquired by him by virtue of it, were subsequent, subject to, and distinct from, the lien of the plaintiff. The plaintiff's cause of action was distinctly against the defendant—not against the mortgagee—his rights in litigation did not at all depend upon the rights or claims of that mortgagee; nor had the latter rights or cause of action as against the plaintiff and the defendant, as to the plaintiff's cause of action in litigation. Granting that

the moitgagee had some interest in the vessel, it was acquired subsequent to the plaintiff's first lien, and it was not necessary to litigate that interest, settle and determine the same, in order that the plaintiff's cause of action should be settled and determined.

It is only "when a complete determination of the controversy cannot be had without the presence of other parties, the Court *must* cause them to be brought in." *The Code,* § 189; *Colgrove* v. *Koonce,* 76 N. C., 363; *Wade* v. *Saunders,* 70 N. C., 277; *McDonald* v. *Morris,* 89 N. C., 99; *Boyle* v. *Robbins,* 71 N. C., 130.

The plaintiff alleged no cause of action against the mortgagee mentioned, nor does he seek redress against him. If the title to the vessel was in the latter, the defendant might have made that a defence; indeed, it seems that it intended to make such defence. *Morehead* v. *Railroad,* 96 N. C., 362; *Sons of Temperance* v. *Aston,* 92 N. C., 588.

If there was a defect of material parties, the defendant should have taken advantage of the same in apt time by demurrer, if such defect appeared from the complaint; otherwise, in his answer. Otherwise, he will be deemed to have waived such objection. *The Code,* § 239, par. 4, §§ 241, 242; *Usry* v. *Suit,* 91 N. C., 406; *Lunn* v. *Shermer,* 93 N. C., 164; *Leak* v. *Covington,* 99 N. C., 559; *Mining Co.* v. *Smelting Co.,* 99 N. C., 445. The defendant did not demur upon the ground that the mortgagee was a necessary party, nor did it so insist in the answer. But if it had done so, such objection, as we have seen, would not necessarily have availed anything.

When the action is for the recovery of real or personal property, a person not a party to it, who has an interest in the subject-matter of the action, *may,* upon his application, be made a party by proper amendment. The mortgagee here did not ask to be made a party. *The Code,* § 189.

On the argument the defendant's counsel cited and relied upon *Hinson* v. *Adrian*, 86 N. C., 61. But that case does not decide that subsequent incumbrancers are necessary essential parties to actions to enforce prior incumbrances, and must, therefore, be made such. It simply decides that subsequent, indeed, all incumbrancers, should be made parties, with a view to complete administration of their rights, respectively, in their just order. It applies a rule of equity practice very convenient and wholesome, that ought, generally, to be observed. The Court may allow a motion to bring in such parties—it might, *ex mero motu*, direct and require them to be brought in, where it could see from the record that there were interested incumbrancers, not before it. *Southall* v. *Shields*, 81 N. C., 28, recognizes the same rule of practice. In that case, however, the rights of the *feme* plaintiff depended, in some measure, upon the rights of the parties which the Court directed to be brought in.

The cases just cited do not imply that a senior incumbrancer cannot have his rights enforced by action, in the absence of the junior incumbrancer. There is no imperative reason why he cannot, and while, ordinarily, the latter might apply, or the Court might, for proper considerations appearing, direct that he be brought in, it ought not, would not, unless because of very weighty considerations, delay the action, after the case had been heard and was ready for the final judgment to be given, to bring him in.

In this case, the subsequent incumbrancer did not ask, nor did the Court deem it necessary, that he be brought into the action, nor did the defendant move that he be, until the Court had settled the facts, and was about to proceed to judgment, and there was no serious consideration assigned why he should be. The Court properly declined to grant the motion.                    Judgment affirmed.