Aleck v. Jackson.

THERESA ALECK

v.

JOSEPH S. JACKSON et al.

Complainant contracted in writing with the defendant J., by which the lat-- ter agreed to build several houses for complainant, for a specified amount. The contract was filed in the county clerk's office. The houses were erected and the complainant took possession. The bill alleges that notices have been served on the complainant by creditors of J. for materials &c. furnished for the houses. aggregating more than $3,593.83, the amount due J. J. had filed a mechanics' lien claim, and commenced an action thereon, and J.'s creditors had either begun or threatened suits on their claims. Complainant alleged that a certain amount was due which she was ready to pay, but could not safely do so, and sought to have defendants interplead. On filing the bill, and! paying into court, the amount stated to be due, an injunction was issued re- straining the further prosecution of the suits by J. or the lien claimants. Defendant J. answered the bill, alleging that the amount tendered and paid into court by complainant was not the correct amount due, but that she owed! him the full payment named in the contract as well as a bill for extra work,. and that he had filed his lien and commenced his action thereon.—*Held* that,

.as complainant's liability to J.'s creditors arose under the Mechanic's Lien law, and was limited to the amount due J., complainant was entitled to have .the cause retained until the amount of her indebtedness to J. was ascertained; and, to that end, the injunction should be dissolved as to J.'s prosecuting his suit, but retained as to the other defendants.

*Mr. Samuel W. Belden*, for the complainant.

*Messrs. Bergen & Bergen*, for the defendant Jackson.

'GREEN, V. C.

This bill is filed by Theresa Aleck, and alleges that, on February 25th, 1890, she made an agreement in writing with one Joseph S. Jackson, whereby Jackson agreed to build for her five .brick buildings on the south side of Spruce street, east of Broadway, and two brick buildings on the east side of Broadway, south of Spruce street, in the city of Camden. A copy of the contract is annexed to the bill. The contract was filed in the clerk's office of Camden county February 25th, 1890. The bill alleges that notices have been served on the complainant by twelve creditors of Jackson, for materials &c. furnished for the houses, whose claims aggregate $4,597.06.

Complainant alleges that there was due from her to Jackson on account of the agreement the sum of $3,593.83; that certain of the creditors of Jackson intend to sue her, and some have .already commenced legal proceedings against her, claiming certain amounts due to them respectively; that she is ready and willing to pay, but cannot safely do so, and she seeks therefore to have the defendants interplead.

On filing the bill and affidavits it was ordered that, on complainant's paying the money stated to be due into court, an injunction issue restraining the prosecution of suits against her by the defendant Jackson or the lien claimants. Such deposit was made and the injunction issued.

The contractor, Jackson, has answered, and denies that the complainant has correctly stated the amount due from her to him. He claims that he has completed his contract according to its terms, and that there is due to him the whole of the last payment

of $4,500, as well as the sum óf $393.06 for extra work, making the sum of $4,893.06.    He has filed a mechanics' lien and commenced suit in the Camden county circuit court to recover that amount, and claims that he should not be restrained from prosecuting it.

The dispute as to the amount due from the complainant to the defendant Jackson on the contract destroys the character of the bill as one of strict interpleader.    It is claimed that the question should be decided in this court, on the ground that the bill is one in the nature of a bill of interpleader.    Bills of strict interpleader are those filed by a mere stakeholder who claims no interest in the subject-matter over which there are conflicting demands ; he asks no relief and seeks only to be relieved from loss by the decree of the court determining which claimant is entitled to receive the matter in dispute.    In a bill, in the nature of a bill of interpleader, the complainant seeks some relief for himself, but the facts on which he relies for such relief must be such as to entitle him to it in a court of equity—the case as made must be one of equity jurisdiction.    This is evident from the illustrations in *Story Eq. Pl.* § *297; Bedell* v. *Hoffman, 2 Paige 199; Wakeman* v. *Kingsland, 1 Dick. Ch. Rep. 113, 117.*

In this case the complainant insists that the amount of the final payment named in the contract, should be reduced by the amount she alleges she was forced to expend after she took possession, in the completion of the houses, so as to make them conform to what she claims the contract required.    Jackson demands the whole amount of the final payment and also $393 for extra work.    He says he completed the houses according to contract, plans and specifications, and that her expenditure was not required by the condition she names.    She denies that she is liable under the contract for what he claims as extra work.    These are not questions of equity cognizance ; they raise no issue to be presented to this court for solution ; they are properly to be settled by a court of law.    The defendant Jackson had submitted them to the proper tribunal for determination, and rightly claims in his answer that he should not be restrained from prosecuting his suit.

The complainant, however, was being subjected to numerous law suits by those who had furnished materials and labor in the construction of her houses. Her liability to these persons arises under the Mechanics' Lien law, and is limited in aggregate amount to what may be due from her to Jackson. She could not safely pay these claims until that amount was ascertained, and her bill as filed presented a clear case of interpleader. Its character as such is changed by the position of Jackson. I think she is entitled to have the case retained until the amount of her indebtedness to Jackson is ascertained by the trial of his suit at the circuit, and to that end that the injunction be dissolved as to Jackson's prosecuting that suit, but retained as to the other defendants. I will advise such an order.