JOSEPH M. URBAN, JR., and another, complainants,

*v.*

KARL J. OLSON (INCORPORATED), and others, defendants.

[Decided May 14th, 1940.]

*Messrs. Boyd & Dodd (Mr. John A. Booth)*, for the complainants.

*Messrs. Vreeland & Aeschbach (Mr. Albert L. Vreeland)*, for the defendants.

BIGELOW, V. C.

The bill of complaint shows that complainants on May 13th, 1938, entered into agreement with one McKinnell whereby the latter agreed to erect for complainants a dwelling house for $5,200. The contract with the specifications was duly filed in the clerk's office. McKinnell started the work but on November 15th, 1938, abandoned it before completion and did abscond. Complainants thereafter finished the building. They paid $2,583 to McKinnell in accordance with the contract and spent $2,587 to complete, so that there remains in their hands the sum of $30.16, being the balance of the contract price.

Karl J. Olson, Siegler Supply Company, and three others, filed and served complainants with stop notices. Complainants have been unable to locate McKinnell in order to give him notice of these demands and McKinnell has never notified complainants that he disputes any of the claims. Olson

and the Supply Company have instituted suit against complainants in which they claim $1,334 and $128, respectively.

"Complainants have always been willing and still are willing to pay said sum of $30.16 to such person or persons, or corporation or corporations, as is or are lawfully entitled to receive the same, and to whom they can pay it with safety and they hereby offer to pay said sum of $30.16 into this court."

The bill prays that the defendants, namely, the stop-notice claimants, interplead and determine their rights to said sum of $30.16 and that they be enjoined from prosecuting the pending actions or commencing any action against complainants "to recover any moneys for labor or materials furnished by them, or any of them, in connection with the erection of said building," and that complainants be discharged from all liability to the defendants in the premises.

Two of the defendants answered asserting that McKinnell substantially completed his work in accordance with the contract and that the cost to complainant to finish the building was much less than $2,587 and that there remains in complainants' hands a sum greatly in excess of $30.16. The real controversy is not suggested by the bill but is disclosed by the answers as well as by the proofs presented at the trial, namely, how much do complainants owe? Counsel have debated whether this issue is fatal to the maintenance of the bill and in this connection have considered whether this is a strict bill of interpleader or a bill in the nature of an interpleader.

On a bill of interpleader, a complainant simply prays that the hostile claimants be required to cease from troubling him and to settle their dispute among themselves, while on a bill in the nature of an interpleader, a complainant may ascertain and establish his own rights and may have affirmative relief. *Illingworth* v. *Rowe, 52 N. J. Eq. 360.* Vice-Chancellor Pitney said: "A bill in the nature of an interpleader is one in which the complainant asks some relief over and above a mere injunction against suits by the contesting parties and states facts which entitle him to such relief independent of the fact of the adverse claims of the several defendants." *Van Winkle* v. *Owen, 54 N. J. Eq. 253;* see, also, *Story Eq.*

*Jur.* § *824.* The two cases cited are examples of bills in the nature of an interpleader. In the first of them, which was a suit by a property owner arising out of a building contract, the complainant sought to have building liens on his property canceled. In the other case, brought by a judgment debtor, he prayed that the judgment be canceled. In each of the cases, complainant's right to relief was independent of the dispute between defendants. Similarly, *Carter* v. *Cryer, 68 N. J. Eq. 24,* was brought not only to settle conflicting claims to a chattel but to enforce complainant's lien for storage. We have several examples of strict interpleader by land owners against stop-notice claimants. *Superintendent, &c., of Public Schools* v. *Heath, 15 N. J. Eq. 22; Wakeman* v. *Kingsland, 46 N. J. Eq. 113; Williams* v. *Matthews, 47 N. J. Eq. 196; Ter Knile* v. *Reddick, 39 Atl. Rep. 1062; Bew* v. *Hannum (Court of Errors and Appeals), 147 Atl. Rep. 408.*

I think that the bill before me is a strict bill of interpleader. The only relief that complainants seek is that the defendants interplead and cease from troubling complainants, and the bill does not show any facts that constitute an equitable basis for other relief. Complainants point out that the prayer for an injunction is not confined to the sum of $30.16 but to "any moneys for labor or materials furnished by them or any of them in connection with the erection of said building." The prayer is substantially the same as that in the bill of interpleader to be found in *3 Daniels Chancery (Perkins' Ed.) 2028, 2029.* The precedent, in *Dickinson's Chancery Precedents 484,* prays that defendants be restrained "from proceeding at law against your orators touching the matters aforesaid." The prayer in the present bill does not make the bill one in the nature of an interpleader.

The amount of the fund in dispute cannot be settled in an interpleader suit, as the only proper decree is that the defendants interplead or else that the bill be dismissed. The decree cannot adjudge this or that amount due. In result, if it appears from the proofs that the amount owed by complainant is greater than the sum stated in the bill, the bill must be dismissed. *Williams* v. *Matthews, supra; Kreutz* v. *Cramer, 64 N. J. Eq. 648.* Furthermore, where the amount due is a

real and substantial issue and is the principal one in controversy, the court will not weigh the evidence in order to determine that the bill states the correct amount but will dismiss the bill. *Stevens* v. *Robinson, 94 N. J. Eq. 30.*

There are cases in which the bill sets forth that there is doubt or controversy as to the true amount owed by complainant and offers to pay into court whatever may be found due. *Van Winkle* v. *Owen, supra; McDonnell* v. *Vitille, 111 N. J. Eq. 502.* Such bills are in the nature of interpleader although they may not come exactly within Vice-Chancellor Pitney's definition in *Van Winkle* v. *Owen.* Where the dispute goes to the amount due from a building owner to the contractor, a purely legal question is presented, in the solution of which the parties seem entitled to a trial by jury if they so desire. In *Brunetti* v. *Grandi, 89 N. J. Eq. 116,* which came before Chancery after judgment in a law court, Vice-Chancellor Lane noted that there was no uniform practice for determining the amount due. In *Aleck* v. *Jackson, 49 N. J. Eq. 507,* Vice-Chancellor Green stayed the interpleader until the contractor might have a judgment at law. He said that disputes over the amount owed "are not questions of equity cognizance; they raise no issue to be presented to this court for solution; they are properly to be settled by a court of law. The defendant Jackson had submitted them to the proper tribunal for determination and rightly claims in his answer that he should not be restrained from prosecuting his suit."

In the instant case, complainants do not seek an adjudication of the amount due or tender to pay the defendants anything more than $30.16, or ask that they interplead for any other sum. Since there is a substantial dispute whether this is the correct sum, the bill will be dismissed.