WATT CONNOLLY AND LARRY G. CONNOLLY, D/B/A WATT CONNOLLY & SON, A PARTNERSHIP, v. ASHEVILLE CONTRACTING COMPANY, A CORPORATION.

(Filed 3 February, 1967.)

**1. Pleadings § 12—**

Where an additional defendant, joined and made a party to the action on motion of the original defendant, demurs to the original defendant's cross-action on the ground that the facts alleged therein are insufficient to state a cause of action against the additional defendant, the original defendant may not contend that the additional defendant was at least a proper party, since the demurrer does not challenge the joinder of the additional defendant but only the sufficiency of the allegations of the cross-action.

**2. Pleadings § 8; Contracts § 33— In this action by subcontractor against prime contractor, allegations of prime contractor held insufficient to state cross-action against owner.**

Plaintiff, a subcontractor, brought this action against the prime contractor to recover for loss of profits resulting when the prime contractor ordered the subcontractor to cease work under the subcontract before the completion of work, the subcontractor being paid on a unit basis for work done under the contract. The prime contractor had the owner joined as an additional party, filed a cross-action against it, and attached the prime contract as a part of its pleading. The prime contract provided that the owner might make alterations in the plans provided such alterations did not materially change the original plans, and that in the event permissible alterations resulted in a decrease in the quantity of work to be performed, the prime contractor should accept payment at the contract unit price for work actually done. *Held:* Even if the reduction of the work under the subcontract constituted a material alteration of the subcontract, such fact would not necessarily constitute a material alteration of the prime contract, and in the absence of allegation that the reduction in the amount of work called for in the subcontract constituted a material alteration of the prime contract, no cause of action is stated in favor of the prime contractor against the owner, and demurrer to the cross-action was properly sustained.

APPEAL by Asheville Contracting Company from *Lupton, J.,* May, 1966 Civil Session of IREDELL.

This appeal is from a judgment which sustained the demurrer of additional defendant, Duke Power Company, to the cross action al-

leged against Power Company by original defendant, Asheville Contracting Company.

Plaintiffs (Connolly) instituted this action against Contracting Company, alleging in substance: Contracting Company, as general contractor, entered into a contract with Power Company on or about April 22, 1964, for the construction of an access railroad to Power Company's Plant Marshall in Catawba County; that Connolly, as subcontractor, entered into a contract with Contracting Company on or about July 30, 1964, for the paving of the slope drains and intercept ditches referred to in Contracting Company's said contract with Power Company; that Connolly was to pour 50,000 square feet of concrete and Contracting Company was to pay therefor a unit price of sixty-five cents per square foot, a total of $32,500.00; that on or about December 1, 1964, at which time Connolly had poured 12,150 square feet of concrete, Contracting Company notified Connolly to cease all work under said subcontract; that Connolly's work was done on schedule and was approved and accepted; that Connolly was ready, able and willing to perform the subcontract in its entirety and had gone to considerable trouble, time and expense in making preparations to do so; that Contracting Company owed Connolly a balance of $2,031.76 for the work it had performed; and that, on account of loss of the profits Connolly would have received if permitted to perform the subcontract in its entirety, Connolly was entitled to recover from Contracting Company the additional sum of $15,138.50 as damages for its breach of said subcontract.

Plaintiffs alleged a second cause of action to recover $500.00 for work not covered by said subcontract and not involved in this appeal.

In amended answer, Contracting Company denied all allegations in plaintiffs' first cause of action relating to damages for alleged breach of contract. Allegations in the answer proper and in the first further answer and defense relating to Contracting Company's obligation to Connolly on account of work performed under the subcontract and on account of the item of $500.00 not covered by the subcontract are not germane to this appeal.

Contracting Company, "FOR A SECOND FURTHER ANSWER AND DEFENSE AND BY WAY OF CROSS ACTION AGAINST DUKE POWER COMPANY," alleged in substance, except when quoted, the matters set forth in the following numbered (our numbering) paragraphs:

1. Attached to and made a part of said pleading are the prime contract between Contracting Company and Power Company (Exhibit A); modification of Item 6 thereof (Exhibit B); and the subcontract between plaintiffs and Contracting Company (Exhibit C).

2. Paragraph 10 of the prime contract provides: "The Engi-

neer may make such alterations in the plans of construction, or in the quantity of work, as may be considered necessary or desirable during the progress of the work to complete fully and acceptably the proposed work, provided that such alterations do not materially change the original plans. Should such alterations result in an increase or decrease in the quantity of the work to be performed, the Contractor shall accept payment at the contract unit price for actual work done in the same manner as if such work had been included in the original estimated quantity."

3. The quantities of concrete referred to in said subcontract were "approximate estimated quantities only" and Contracting Company was not obligated to pay "in all events" for such estimated quantities; nor was Power Company obligated by the terms of the prime contract to pour or pay for any specific quantities.

4. The subcontract incorporates by reference all terms and conditions of the prime contract.

5. If there was an underrun in the quantity of concrete to be poured, this being the basis of plaintiffs' action, "alterations resulting in an increase or decrease in the quantity of the work performed would not give rise to claim on the part of the plaintiffs for any more than the unit price for work actually performed."

6. "(I)f the plaintiffs are entitled to recover any amount whatever from the defendant by reason of underrun in the estimated square foot quantities of concrete to be poured pursuant to said subcontract, which is specifically denied, the same are *(sic)* only recoverable pursuant to the provisions of Paragraph 10 of the prime contract between Duke Power Company and the defendant on the basis that alterations materially changed the original plans and in such event, this defendant would be entitled to recover over and against Duke Power Company for any such recovery on the part of the plaintiffs, on the same basis; . . ." (Excerpt from Paragraph K of cross action.)

Contracting Company moved, in its prayer for relief, that Power Company be made a party defendant. At March 14, 1966 Session, an order entered by His Honor J. William Copeland granted said motion. No exception to this order was noted then or later either by Connolly or by Power Company, and neither Connolly nor Power Company has moved that said order be vacated.

Power Company, having been served with process as provided in Judge Copeland's order, filed a demurrer to Contracting Company's alleged cross action, asserting as grounds therefor (1) a failure to allege facts sufficient to state a cause of action, and (2) a misjoinder of parties and causes of action.

Judge Lupton entered judgment sustaining said demurrer. Contracting Company excepted and appealed.      .

*Harold K. Bennett and E. Glenn Kelly for defendant Asheville Contracting Company, appellant.*

*George W. Ferguson, Jr., Carl Horn, Jr., Wm. I. Ward, Jr., and Sowers, Avery & Crosswhite for additional defendant Duke Power Company, appellee.*

BOBBITT, J. Plaintiffs' action is against Contracting Company for alleged breach of its contract with plaintiffs. They assert no claim against Power Company. They are not parties to and do not participate in this appeal.

Power Company, pursuant to Judge Copeland's unchallenged order, is now a party to this action. Hence, whether Power Company is a necessary or proper party is not presented; and *Simon v. Board of Education,* 258 N.C. 381, 128 S.E. 2d 785, cited and stressed by Contracting Company, is not pertinent. The sole question for decision is whether the court erred in sustaining Power Company's demurrer to Contracting Company's cross action.

The gist of plaintiffs' alleged cause of action (for loss of profits) against Contracting Company, based on their contractual relations *inter se,* is that, notwithstanding their contract called for 50,000 square feet of paving, Contracting Company breached the contract by its refusal to permit plaintiffs to provide paving in excess of 12,150 square feet. Although the documents constituting the prime contract are made a part of the subcontract, whether any provisions of such documents bear significantly upon plaintiffs' right to recover from Contracting Company is not presented by this appeal.

The rights and obligations of Contracting Company and of Power Company *inter se* are to be determined by the provisions of the prime contract. Paragraph 10 thereof is quoted in our preliminary statement. Contracting Company asserts the validity of Paragraph 10 in both its answer and cross action and relies thereon as a defense to plaintiffs' action. Whether it has significance in connection with Contracting Company's defense to plaintiffs' action is not presented by this appeal. Unquestionably it has significance in the determination of the rights and obligations of Contracting Company and of Power Company *inter se.*

Reference is made to the excerpt from Paragraph K of the cross action quoted in our preliminary statement. This is the only portion of the cross action in which Contracting Company purports to allege a (conditional) cause of action against Power Company.

The subcontract relates solely to the installation of (approxi-

mately) 50,000 square feet of paving, this being only one of many items covered by the prime contract. Paragraph 10 of the prime contract relates to all items covered thereby. Plaintiffs base their cause of action on the provisions of the subcontract. Their allegations imply a contention that Paragraph 10 of the prime contract is inapplicable to them or in any event is not a bar to their action against Contracting Company. Whether, as between Contracting Company and Power Company, the reduction in the quantity of paving was such an alteration as to constitute a material change in the original plans within the meaning of said Paragraph 10 must be determined with reference to the prime contract in its entirety, not with reference to the one item relating to paving. The documents comprising the prime contract call for numerous items at unit prices, the original estimated total amounting to $958,528.23. Item 6 called for "Installation of paved slope drains & intercept ditches (Quantity) 10,000 Lin ft (Unit Price) 4.00 (Amount) 40,000.00," which, prior to the execution of the subcontract, was modified by substituting as Item 6 the following: "50,000 S. F. Paved Slope Drains @ 0.75 per square foot." What would constitute an alteration materially changing the original plans when considered in relation to all work called for by the prime contract and what would constitute such material alteration if considered only in relation to "Item 6" are different questions.

Contracting Company does not allege in its cross action, conditionally or otherwise, that the reduction in the quantity of paving was such an alteration as to constitute a material change in the original plans of the prime contract within the meaning of Paragraph 10 thereof. Indeed, Contracting Company's reliance upon Paragraph 10 of the prime contract as a defense to plaintiffs' action indicates strongly that Contracting Company agreed or acquiesced in the decision of Power Company's engineer with reference to the quantity of concrete to be poured. Moreover, nothing in Contracting Company's allegations dispels the possibility that a full and complete settlement has been made between Power Company and Contracting Company. Whether Power Company is obligated to Contracting Company does not depend solely upon the provisions of the prime contract but in material part upon their course of dealings during the progress of the work and in relation to settlement therefor. Contracting Company's purported cross action alleges no facts pertinent to these material matters. Obviously, a recovery by plaintiff from Contracting Company, standing alone, would not entitle Contracting Company to recover a like amount or any amount from Power Company. In short, Contracting Company's cross action does not allege facts sufficient to state a cause

of action, conditionally or otherwise, against Power Company. Hence, Power Company's demurrer to said cross action was properly sustained.

Having reached the conclusion that Contracting Company's purported cross action fails to state a cause of action against Power Company, whether there would be a misjoinder of parties and causes of action if a cause of action had been alleged need not be considered. *Batts v. Faggart,* 260 N.C. 641, 644, 133 S.E. 2d 504, 506, and cases cited.

Affirmed.