CITY OF SHELBY; ZEB MAUNEY, BUILDING INSPECTOR FOR THE CITY OF SHELBY, AND ON BEHALF OF THE CITY OF SHELBY, AS ITS BUILDING INSPECTOR, v. W. D. LACKEY AND WIFE, LILLIAN Z. LACKEY; EVANS LACKEY AND WIFE, MARY I. LACKEY; ISABEL L. MOSER; AND LACKEY PONTIAC, INC.

(Filed 26 March, 1952.)

**1. Appeal and Error § 2—**

> An appeal does not lie to the Supreme Court from an interlocutory order of the Superior Court unless such order deprives the appellant of a substantial right which he might lose if the order is not reviewed before final judgment.   G.S. 1-277.

**2. Same—**

> In an action by a municipality to enforce a zoning ordinance, order of the court permitting certain property owners to become parties plaintiff and to adopt the complaint theretofore filed by the municipality, upon allegations that the value of their property would be impaired if the zoning ordinance were not upheld, does not deprive defendants of any substantial right and defendants' appeal therefrom is dismissed, the making of additional parties plaintiff being ordinarily within the discretion of the trial judge.   G.S. 1-163.

APPEAL by defendants from *Sink, J.,* January Term, 1952, of CLEVELAND.

This is a civil action instituted by the City of Shelby and its Building Inspector for the purpose of enforcing the zoning ordinance of the City of Shelby and restraining the defendants from continuing to use a lot for business purposes, which lot is classified in the zoning ordinance as residential property.

Certain owners of property immediately adjacent to the property of the defendants, filed a petition and motion requesting that they be allowed to become parties plaintiff to the action, and permitted to adopt the complaint theretofore filed in the action by the original plaintiffs. The petition was bottomed on the contention that the petitioners would be injuriously affected by the failure of the court to uphold the zoning law of the City of Shelby, and upon the further allegation that the value of their property has already been impaired by the nonconforming use of the defendants' property for business purposes.

The defendants filed a demurrer to the petition and motion. The demurrer was overruled and the motion was allowed. Defendants appealed to the Supreme Court, assigning error.

*Falls & Falls for defendants, appellants.*
*A. A. Powell for plaintiffs, appellees.*
*Henry B. Edwards for interveners, appellees.*

KREEGER *v.* DRUMMOND.

PER CURIAM. The demurrer interposed in the court below was to the petition and motion only. The defendants did not demur to the pleadings which the additional parties were permitted to adopt.

An appeal does not lie to the Supreme Court from an interlocutory order of the Superior Court, unless such order deprives the appellant of a substantial right which he might lose if the order is not reviewed before final judgment. G.S. 1-277; *City of Raleigh v. Edwards,* 234 N.C. 528, 67 S.E. 2d 669.

It is ordinarily within the discretion of the trial judge to make additional parties. G.S. 1-163; *Insurance Co. v. Motor Lines,* 225 N.C. 588, 35 S.E. 2d 879; *Wilmington v. Board of Education,* 210 N.C. 197, 185 S.E. 767.

The order entered below making additional parties plaintiff did not impair any substantial right of the defendants which would warrant an appeal.

Appeal dismissed.