L. A. CHILDERS v. CARLIES E. POWELL AND WIFE, FLORENCE POWELL.

(Filed 28 March, 1956.)

**1. Laborers' and Materialmen's Liens § 9—**

In an action to establish and enforce a lien for labor on defendants' land, the holders of a mortgage on the land, asserted as a prior lien, are not necessary parties to a complete determination of the controversy between plaintiff and defendants, but are only proper parties.

**2. Parties § 7—**

While ordinarily it is within the discretion of the court to permit proper parties to intervene, G.S. 1-73, where defendants file no answer and whatever judgment may be entered will be by default and will not affect the rights of such third parties, they may not be allowed to intervene and thus engraft a new and live controversy on a moribund action, but must litigate their rights as between themselves and plaintiff by independent action.

**3. Appeal and Error § 3—**

While ordinarily an appeal will not lie from an interlocutory order unless it deprives appellant of a substantial right which he might lose if

the order is not reviewed before final judgment, where there is no subsist-
ing controversy as between plaintiff and defendants, an order permitting
intervention by parties who may litigate their claim against plaintiff by
independent action, will be reversed.

APPEAL by plaintiff from *Patton, Special Judge,* heard during 4 Octo-
ber, 1955, Term of Burke Superior Court, from CATAWBA.

Civil action commenced 23 June, 1955, to recover $2,295.00 for labor
performed in the construction of a building for defendants, and to estab-
lish and enforce a specific lien therefor on defendants' land on which
the building is situated. It is alleged that the work began 8 March,
1954, and was completed 26 November, 1954.

Defendants filed no answer.

On 15 August, 1955, Earl B. Searcy, Sr., Edward Lowman and L. A.
Miller filed a petition for leave to intervene and answer the complaint.
Their petition sets forth, in substance, the following: (1) that they
hold a mortgage (no details given) on said land, recorded 10 August,
1954, which, if plaintiff's allegations are true, would be, at least in part,
a lien prior to plaintiff's alleged lien; (2) that plaintiff was given a
$2,295.00 note and deed of trust, which were accepted in satisfaction of
his original claim and lien rights; and (3) "that a complete determina-
tion of the controversy cannot be made without your petitioner's being
a party hereto."

Plaintiff, answering, denies the material allegations of the petition.
In addition, he alleges new matter to the effect that the intervenors
have no lien on said land.

On 4 October, 1955, at the conclusion of the hearing, the court, after
reciting, "and it appearing to the Court that said Earl B. Searcy, Sr.,
Edward Lowman and L. A. Miller have an interest in the subject
matter of this action which may be materially affected by a judgment
rendered herein and that a complete determination of the controversy
cannot be made without their being made a party," ordered that said
intervenors "be, and they are hereby, made party defendants in this
action, and that they be allowed to file an answer herein within 30 days
after the date of this order."

Plaintiff excepted and appealed, the sole assignment of error being
that the court erred in the making and entry of said order.

*John H. McMurray for plaintiff, appellant.*
*W. Harold Mitchell for petitioners, appellees.*

BOBBITT, J. G.S. 1-73 provides, in part, that "when a complete
determination of the controversy cannot be made without the presence
of other parties, the court must cause them to be brought in."

The intervenors were not necessary parties to a complete determination of the controversy, if any, as between plaintiff and defendants; and, if not parties, no right or interest they have will be adversely affected by an adjudication of such controversy. *Assurance Society v. Basnight,* 234 N.C. 347, 67 S.E. 2d 390. It appears from the quoted recital that the court treated the intervenors as necessary parties. If so, the court's action was erroneous.

The intervenors were proper parties; and, ordinarily, whether to permit them to intervene would be determinable by the court in its discretion. G.S. 1-73; *Assurance Society v. Basnight, supra.*

Here defendants failed to file answer, thus ignoring the action. There is no issue or controversy subsisting as between plaintiff and defendants. Whatever judgment may be entered will be by default, unaffected by any allegations the intervenors may make. It will be determinative only as between the plaintiff and defendants.

In short, there is no controversy in which appellees may intervene. Under the circumstances disclosed, the controversy as between intervenors and plaintiff should be litigated in and determined by independent action between these parties rather than by attempting to engraft a new and live controversy on a moribund action.

Appellees' brief advises us that surplus funds arising from the foreclosure of a prior deed of trust have been deposited with the Clerk of the Superior Court, presumably in accordance with G.S. 45-21.31(b) (4). If such be the case, G.S. 45-21.32 would seem to prescribe the appropriate remedy for the determination of the respective rights of plaintiff and intervenors in said funds. Decision here does not preclude the intervenors from establishing in such special proceeding or by other appropriate independent action all rights they seek to establish by intervention here.

Ordinarily, an appeal does not lie to the Supreme Court from an interlocutory order, unless such interlocutory order deprives the appellant of a substantial right which he might lose if the order is not reviewed before final judgment. G.S. 1-277; *Raleigh v. Edwards,* 234 N.C. 528, 67 S.E. 2d 669; *Shelby v. Lackey,* 235 N.C. 343, 69 S.E. 2d 607. Unless intervenors are permitted to come in by pleadings necessary and appropriate to an independent action, there is no subsisting controversy herein. Hence, the stated salutary rule, the primary purpose of which is to eliminate interlocutory appeals that do not involve final disposition of the entire cause, has no application under the peculiar circumstances here disclosed.

The order of the court below is
Reversed.