CARL C. CLINE AND MYRTLE CLINE PATTERSON, EXECUTORS OF THE
ESTATE OF ANNIE S. CLINE v. GRACE CLINE OLSON AND HUSBAND
N. O. OLSON; CARL C. CLINE AND WIFE ARTIE E. CLINE; RUTH
CLINE PATTERSON AND HUSBAND O. A. PATTERSON; MARY CLINE
TROUTMAN AND HUSBAND R. G. TROUTMAN; MYRTLE CLINE PAT-
TERSON AND HUSBAND ALBERT B. PATTERSON; NANNIE CLINE
HENDRICKS AND HUSBAND T. F. HENDRICKS; CHARLIE J. CLINE
AND WIFE WILLIE EDWARDS CLINE; HERMAN FORD LIPE AND
WIFE RUBENIA HARRINGTON LIPE; BILLY PRICE LIPE AND WIFE
EDITH CHILDRESS LIPE; RAY CLINE LIPE AND WIFE LOWISE
BARRIER LIPE; MABEL ELIZABETH SEAGRAVES AND HUSBAND
WILLIAM CLAYTON SEAGRAVES; MARIE FELKER AND HUSBAND
JOHNNY BELK FELKER; GENE CLAVIN LIPE AND WIFE FANNIE
ELIZABETH DEAL LIPE; ROSS IDDINGS LIPE AND WIFE SHIRLEY
JEAN LIPE; BENNY RICHARD LEFLER; MAX BROWN LIPE;
JOYCE ANN LIPE; RONNIE WAYNE LIPE; ELMER G. CLINE AND
WIFE ERMALEE CLINE; MARGARET CLINE MORRIS; CATHERINE
CLINE WAGONER AND HUSBAND GAITHER WAGONER; LUCILLE
CLINE; A. A. LINKER, ADMINISTRATOR OF THE ESTATE OF JAMES B.
CLINE; EARL M. CLINE AND WIFE DARLENE CLINE; LEE P. CLINE
AND WIFE IRENE CLINE; RAY H. CLINE AND WIFE HAZEL CLINE;
R. F. CLINE AND WIFE MARGARET CLINE; ANNIE CLINE KELLER
AND HUSBAND TROY KELLER; BILLY R. CLINE AND WIFE THELMA
CLINE; SUE CLINE KANIPE AND HUSBAND BOBBY KANIPE; GRADY
R. CLINE; MAGGIE COOK; AND KELLER REFORMED CHURCH, AND
ALL OTHER UNKNOWN LEGATEES OF THE SAID ANNIE S. CLINE, DECEASED.

(Filed 2 May 1962.)

**1. Appeal and Error § 4—**

　　The executors, in their official capacity, are not parties aggrieved by
a judgment construing the will and adjudicating the rights of the bene-
ficiaries, since the judgment is not adverse to them or the estate.

**2. Judgments § 29—**

　　Persons not parties to an action and not represented therein are not
bound by the judgment rendered therein.

APPEAL by plaintiffs and by defendants Grady R. Cline, Joyce Ann
Lipe and Ronnie Wayne Lipe and any unknown heirs of Annie S.
Cline, Paul B. Cline, and Lillie C. Lipe, by their guardian *ad litem*,
J. Maxton Elliott, from *Walker, Special Judge*, November Term 1961
of CABARRUS.

This is an action for the purpose of obtaining an interpretation of
the last will and testament of Annie S. Cline pursuant to the pro-
visions of the Declaratory Judgment Act, G.S. 1-253 through G.S.
1-267.

It appears from the record that J. Maxton Elliott was appointed as
guardian *ad litem* for Grady R. Cline, Joyce Ann Lipe and Ronnie
Wayne Lipe, who are minors without general or testamentary guard-

ian, and to represent "any unknown heirs of Annie S. Cline, Paul B. Cline, and Lillie C. Lipe, as well as any other individuals not appearing as parties who may have an interest herein."

Annie S. Cline died on 9 April 1959, leaving a last will and testament and a codicil thereto which have been duly admitted to probate in the office of the Clerk of the Superior Court of Cabarrus County, North Carolina. The plaintiffs are the duly qualified and acting executors of the estate of Annie S. Cline.

The items of the will in controversy and which were construed by the court below, are as follows:

"2. I give, devise and bequeath to my children — Grace Oleson (sic), Carl C. Cline, Paul B. Cline, Lillie Lipe, Ruth Patterson, Mary Troutman, Myrtle Patterson, Nannie Hendrix and Charlie Cline — all of my real and personal property to be divided equally between them according to the value of the same, share and share alike.

. "3. Should any of my above-named children die without leaving issue or bodily heirs, then their share shall revert to my other living heirs."

Paul B. Cline died testate on 12 June 1949, and Lillie C. Lipe died intestate on 17 September 1957. Paul B. Cline was survived by twelve children, all of whom are now living except a son, James B. Cline, who died intestate on 2 September 1959, survived by his widow, Lucille Cline, but not by any child or children. Lillie C. Lipe was survived by eleven children, all of whom are now living.

The court below held that the last will and testament of Annie S. Cline, deceased, vested a fee simple title in the children of the said Annie S. Cline and in the children of the predeceased children of Annie S. Cline, *per stirpes*, and directed the executors of the last will and testament of Annie S. Cline, deceased, to administer said estate and distribute the assets thereof under the will of Annie S. Cline as interpreted by the judgment.

The appeal entries are as follows: "The plaintiffs and defendants Joyce Ann Lipe, Ronnie Wayne Lipe, and Grady R. Cline, by their guardian ad litem J. Maxton Elliott, except to the ruling of the court on the judgment * * *, and give notice of appeal to the Supreme Court of North Carolina, further notice waived."

The attorneys for the plaintiffs, and J. Maxton Elliott as guardian *ad litem* for Grady R. Cline, Joyce Ann Lipe, Ronnie Wayne Lipe and any unknown heirs of Annie S. Cline, Paul B. Cline and Lillie C. Lipe, purport to stipulate and agree that the record proper shall constitute the case on appeal; that the court was properly organized and the parties were duly before the court; that summons was duly issued and served upon the defendants; and that all pleadings were duly verified.

It is not made to appear in the record, however, that the guardian *ad litem* or the attorneys for the plaintiffs were authorized to bind the defendants who were not represented by counsel and who filed no answer, by stipulation or otherwise.

Plaintiffs appeal, assigning as error the judgment of the court below.

*Williams, Willeford & Boger for plaintiff appellants.*
*No counsel contra.*

PER CURIAM. No answer was filed on behalf of any of the defendants except an answer by the guardian *ad litem* on behalf of Grady R. Cline, Joyce Ann Lipe and Ronnie Wayne Lipe, and any unknown heirs of Annie S. Cline, Paul B. Cline, and Lillie C. Lipe.

The guardian *ad litem* in his answer admitted each and every allegation of the complaint except the allegations in paragraph four thereof, to the effect. "That the defendants include all of the devisees and legatees of the said Annie S. Cline and all others who may be affected by a decision on the matters herein set forth." The guardian *ad litem* in answering paragraph four alleged that he did not have sufficient knowledge or information to form a belief as to the allegations and therefore denied the same.

There is nothing in the record, except the appeal entries, to indicate any intention on the part of the guardian *ad litem* to appeal from the judgment entered below. The guardian *ad litem* entered no exception, nor did he set out any assignment of error in the case on appeal; neither did he file a brief in this Court. Moreover, the only assignment of error set out in the record was made on behalf of the plaintiffs in their capacity as executors. The plaintiffs, executors, are named defendants in this action in their individual capacity, but they do not appeal in such capacity.

Certainly the judgment entered below was not adverse or prejudicial to the plaintiffs as executors, or to the estate of Annie S. Cline, and no appeal having been taken from the judgment entered by them as individual defendants, it follows that the plaintiffs are not aggrieved parties. *Dickey v. Herbin,* 250 N.C. 321, 108 S.E. 2d 632.

It is impossible to ascertain from the record whether or not the parties named as defendants herein were served with process, or whether or not all necessary parties were made parties. Hence, the judgment is binding only as to the parties who were duly before the court. We hold, however, that the cause is not before us on its merits and this opinion will not constitute a precedent thereon.

The judgment below is binding on the parties only to the extent hereinbefore indicated. The appeal must be dismissed. *Dickey v. Herbin, supra.*

Appeal dismissed.