MONTE M. MILLER, TRUSTEE, JOSEPH O. TAYLOR, TRUSTEE, AND VIRGINIA NATIONAL BANK v. LEMON TREE INN OF ROANOKE RAPIDS, INC., JAMES E. BRIDGMAN AND WIFE, GERALDINE R. BRIDGMAN, EDGAR C. BOWLIN AND WIFE, PEGGY O. BOWLIN, THOMAS R. JACKSON AND WIFE, ANGELA JACKSON, O. EDWIN ESVAL AND WIFE, TERESA ESVAL, GODLEY CONSTRUCTION CO., INC., WINDRED R. ERVIN, TRUSTEE, NEWSOM OIL CO., INC., LEMON TREE INN OF CHARLOTTE, INC., FITTS-CRUMPLER ELECTRIC CO., INC., AND ALLEN NEON DISPLAYS, INC., ALSO KNOWN AS ALLEN DISPLAYS, INC.

No. 766SC655

(Filed 16 March 1977)

1. Laborers' and Materialmen's Liens § 8— action to enforce lien — necessary parties

The law does not place upon the materialman the burden to join in the action to enforce his lien all parties who have acquired liens upon the property subsequent to the time the materialman first furnished labor and materials in order that the materialmen's lien will relate back prior to the effective dates of the other liens; rather, only the owner of the property subject to the materialmen's lien is required to be a party to an action to enforce the claim of lien. G.S. 44A-10.

2. Laborers' and Materialmen's Liens § 9— lien on leasehold — subsequent deed of trust — priority of lien

A materialmen's lien on a leasehold which is properly enforced so as to relate back prior to a deed of trust on the leasehold would, upon foreclosure, entitle the materialman to priority in that portion of the proceeds representing the value of the leasehold.

3. Laborers' and Materialmen's Liens § 8— enforcement of lien — requirements of judgment

To enforce a materialmen's lien a judgment must state the effective date of the lien and contain a general description of the property subject to the lien so that one reading the docketed judgment would have notice that it was more than a money judgment, and the judgment should direct a sale of the real property subject to the lien thereby enforced.

Miller v. Lemon Tree Inn

**4. Laborers' and Materialmen's Liens §§ 8, 9— action to enforce lien — judgment insufficient — deed of trust prior to lien**

Where a default judgment obtained by one defendant purportedly enforcing its materialmen's lien against another defendant provided for recovery of a certain sum with interest from 3 January 1975, but the judgment did not refer to the property which was the subject of the lien and did not relate the lien back to the date when labor and materials were first furnished at the site of the property, such judgment amounted only to a money judgment which did not relate back to 24 March 1973, the date when labor and materials were first furnished, and which thereby failed to make defendant's lien prior to plaintiffs' deed of trust executed on 9 May 1973.

APPEAL by defendant Fitts-Crumpler Electric Co., Inc., from *Fountain, Judge.* Judgment entered 5 April 1976 in Superior Court, NORTHAMPTON County. Heard in the Court of Appeals 18 January 1977.

Plaintiffs are the trustees and beneficiary of a deed of trust which was executed by defendants Newsom Oil Company, Inc., (hereinafter Newsom Oil) and Lemon Tree Inn of Roanoke Rapids, Inc., (hereinafter LT-RR) who respectively were the lessor and lessee of the property (hereinafter Inn Site) subject to the deed of trust. Plaintiffs brought suit to foreclose under a judicial sale and alleged they were entitled to have the property sold free of all encumbrances except taxes and a utility easement. Defendant Fitts-Crumpler Electric Co., Inc., (hereinafter Fitts-Crumpler) alleged in its answer that it had a judgment which established a lien prior to the deed of trust held by plaintiffs.

Plaintiffs moved for a summary judgment, and offered in support the pleadings, stipulations, and an affidavit by one of plaintiffs' attorneys, to which were attached true copies of Fitts-Crumpler's claim of materialmen's lien, and pleadings and judgment in an action to enforce the lien. These documents established that there was no genuine issue concerning the following facts relevant to plaintiffs' deed of trust and Fitts-Crumpler's lien:

1. On 12 April 1973, Newsom Oil leased Inn Site to Lemon Tree Inn of Charlotte (hereinafter LT-C).

2. On 12 April 1973, LT-C assigned the lease on Inn Site to LT-RR.

3. On 9 May 1973, LT-RR and eight individual defendants executed a note for $600,000 to plaintiff Virginia National Bank, (hereinafter Bank) and as security for the note LT-RR and Newsom Oil assigned respectively the leasehold and the reversion of the Inn Site.

4. All instruments were duly recorded.

5. On 18 September 1974 Fitts-Crumpler last furnished labor and materials at the Inn Site.

6. On 21 October 1974, Fitts-Crumpler filed a claim of lien for $6,005.99, in which it alleged that it began furnishing labor and materials at the Inn Site on 24 March 1973; that the record owner of the real property subject to the lien at the time the claim was filed was Newsom Oil; and that the persons with whom it contracted to furnish the labor and materials were LT-C and LT-RR.

7. In January 1975 Fitts-Crumpler filed a complaint against Newsom Oil, LT-RR, and LT-C in which it alleged a debt of $5,405.99 for labor and materials furnished at the Inn Site and requested that the judgment be declared a lien upon the Inn Site "from and after the 3rd day of January, 1975." Newsom Oil and LT-C filed answers to the complaint; LT-RR did not answer. Plaintiffs were not parties to this action.

8. On 2 April 1975, the Clerk of the Superior Court for Northampton County entered a default judgment against LT-RR for $5,405.99 plus costs and interests from 3 January 1975. This action as to Newsom Oil and LT-C is still pending.

9. The judgment obtained by Fitts-Crumpler against LT-RR was recorded, and Fitts-Crumpler executed upon the receipts, rents and profits of LT-RR.

Plaintiffs' motion for summary judgment was granted, and the judge ordered that the sale of the Inn Site "shall be free of any claim, lien or encumbrance against the property sold by any party to this action . . . . " Fitts-Crumpler appealed.

*Spruill, Trotter & Lane by James R. Trotter for plaintiff appellee.*

*Allsbrook, Benton, Knott, Allsbrook and Cranford by William O. White, Jr., for defendant appellant.*

Miller v. Lemon Tree Inn

CLARK, Judge.

The issue upon appeal is whether the trial court erred in its conclusion of law that plaintiff Bank's deed of trust had priority in the proceeds from the judicial sale of the Inn Site over defendant Fitts-Crumpler's judgment lien against defendant LT-RR. Fitts-Crumpler has contended throughout that it perfected and enforced its materialmen's lien against LT-RR pursuant to G.S. 44A-12 and 44A-13, and that by virtue of the "relation-back" effect of G.S. 44A-10, its lien against the leasehold of LT-RR was prior to plaintiffs' deed of trust. (Fitts-Crumpler has not at any stage contended that the suit still pending against LT-C and Newsom Oil would establish a materialmen's lien prior to plaintiffs' deed of trust.)

[1] In their motion for summary judgment, plaintiffs contended that the judgment that Fitts-Crumpler obtained against LT-RR was without effect against them "for the reason that Plaintiffs were not parties to the action giving rise to the judgment alleged by said Defendant." In the brief filed in support of their motion, plaintiffs argued that liens held by parties who have not been joined in the action by a materialman to enforce his lien are never subject to the effect of G.S. 44A-10, which relates the materialmen's lien back to and makes it effective "from the time of the first furnishing of labor and materials at the · site of the improvement." This argument is without merit. The law does not place upon the materialman the burden to join in the action to enforce his lien all parties who have acquired liens upon the property subsequent to the time the materialman first furnished labor and materials in order that the materialmen's lien will relate back prior to the effective dates of the other liens. Only the owner of the property subject to the materialmen's lien is required to be a party to an action to enforce the claim of lien. *Childers v. Powell*, 243 N.C. 711, 92 S.E. 2d 65 (1956); *Assurance Society v. Basnight*, 234 N.C. 347, 67 S.E. 2d 390 (1951); Mangum, Mechanics' Liens in North Carolina, 41 N.C. L. Rev. 173 (1963). However, it is axiomatic that a judgment cannot be binding upon persons who were not party or privy to an action. *Cline v. Olson*, 257 N.C. 110, 125 S.E. 2d 320 (1962). Plaintiffs were not parties to the action by defendant Fitts-Crumpler to enforce its materialmen's lien. Therefore, they were free to challenge the default judgment purporting to enforce Fitts-Crumpler's lien in this action to foreclose their deed of trust in order to

have the priority of the liens determined. *Childers v. Powell, supra;* G. Osborne, Mortgages, § 325 (2d Ed. 1970).

[2] In addition to arguing that Fitts-Crumpler's judgment against LT-RR cannot be effective to establish a materialmen's lien prior to their deed of trust for the reason that they were not parties to the action in which that judgment was obtained, plaintiffs argue that even assuming that the materialmen's lien was enforced by this judgment and related back under G.S. 44A-10 to a point in time prior to their deed of trust, the deed of trust would still entitle them to priority in the proceeds from the foreclosure. Plaintiffs reason that since their deed of trust extends both to the reversion and the leasehold of the Inn Site, while Fitts-Crumpler's lien extends only to the leasehold, therefore, their lien on the reversion is superior to both liens on the leasehold and entitles them to priority in the proceeds. This argument is also without merit. Plaintiffs are foreclosing on both the leasehold and the reversion. A leasehold and a reversion are separate estates in the same property. 49 Am. Jur. 2d, Landlord and Tenant § 82 (1970). In the absence of a covenant to the contrary, both lessor and lessee have the right to sell or mortgage separately their estate. *Perkins v. Langdon,* 237 N.C. 159, 74 S.E. 2d 634 (1953); 49 Am. Jur. 2d, *supra,* § 398. A materialmen's lien on a leasehold which is properly enforced so as to relate back prior to a deed of trust on the leasehold would, upon foreclosure, entitle the materialman to priority in that portion of the proceeds representing the value of the leasehold. *Assurance Society v. Basnight, supra;* Osborne, *supra,* § 321.

As noted in the statement of facts, the pleadings and judgment in the action in which Fitts-Crumpler purportedly enforced its materialmen's lien against LT-RR were offered by plaintiffs in support of their motion for summary judgment. Fitts-Crumpler's complaint asked that any judgment obtained be declared a lien upon the Inn Site only from 3 January 1975. The default judgment, signed by the Clerk of the Superior Court, did not refer to the Inn Site and did not relate the lien back to the date when labor and materials were first furnished at the Inn Site. It provided for the recovery of $5,405.99 with interest only from 3 January 1975.

[3, 4] Fitts-Crumpler argues that G.S. 44A-10 relates the lien back. G.S. 44A-11 provides that the materialmen's lien shall be

Miller v. Lemon Tree Inn

*perfected* as of the time set forth in G.S. 44A-10 upon filing a claim of lien pursuant to G.S. 44A-12 and that the lien may be *enforced* pursuant to G.S. 44A-13. To enforce a materialmen's lien the judgment must state the effective date of the lien and contain a general description of the property subject to the lien so that one reading the docketed judgment would have notice that it was more than a money judgment. *McMillan v. Williams,* 109 N.C. 252, 13 S.E. 764 (1891); *Boyle v. Robbins,* 71 N.C. 130 (1874). Moreover, G.S. 44A-13(b) requires that the judgment "shall direct a sale of the real property subject to the lien thereby enforced." In *H & B Co. v. Hammond,* 17 N.C. App. 534, 195 S.E. 2d 58 (1973), the court held that a docketed default judgment which did not declare itself to be a specific lien on any real property and did not direct sale of any real property was only a general lien against the defendant's real property in the county in which the judgment was docketed. The default judgment obtained against LT-RR in the present case also fails to meet these requirements, and the time established in G.S. 44A-13(a) for enforcing the lien against LT-RR has expired. We conclude that the judgment obtained against LT-RR is only a money judgment, which upon docketing established an ordinary judgment lien, and that Fitts-Crumpler's materialmen's lien has been discharged under G.S. 44A-16(3) since the time for enforcing the lien has expired.

Defendant Fitts-Crumpler has raised constitutional arguments which presume that its lien was perfected and enforced in accordance with the law. Since we conclude that the lien was not so perfected and enforced, it is unnecessary to address these arguments.

It appearing that there is no genuine issue of fact and that plaintiffs are entitled to judgment as a matter of law, the judgment of the trial court is

Affirmed.

Judges VAUGHN and HEDRICK concur.