METROPOLITAN LIFE INSURANCE CO., Plaintiff v. C. E. ROWELL, Defendant

No. 9226SC877

(Filed 1 March 1994)

**Liens § 27 (NCI4th)— construction of apartment—lien—priority over deed of trust—sale of property**

Defendant's lien has priority over a deed of trust held by plaintiff where defendant supplied labor and materials to the construction of an apartment project; the owner of the project was Tantilla Associates, a North Carolina general partnership; the general contractor was Waller Development, which served as general contractor as an accommodation to a general partner and did not perform any work on the project; defendant contracted with Tantilla; Tantilla executed a deed of trust to Metropolitan ten days before defendant's last performance of work; Waller executed a contractor's affidavit to induce Metropolitan to make the loan to Tantilla; this affidavit stated that all subcontractors had been paid; defendant filed a lien under N.C.G.S. § 44A-8 for labor and materials and a complaint to enforce the lien by sale of the real property; a judgment was entered for defendant and defendant sought sale of the property at public auction; Metropolitan filed this action seeking injunctive relief preventing defendant's execution sale of

the property; and the court granted summary judgment for Metropolitan, finding that the lien of the deed of trust had priority over defendant's lien. Defendant timely filed a claim of lien pursuant to N.C.G.S. §§ 44A-8 and 44A-12 and, while defendant's claim of lien appears to include questionable items, the judgment granting the lien was not appealed. The judgment properly awards a total of $267,700 to defendant, with interest from 29 January 1989 and properly orders a sale of property to enforce the lien. The omission of the effective date of the lien from the judgment should not bar the lien.

**Am Jur 2d, Mechanics' Liens §§ 263 et seq., 339 et seq.**

Appeal by defendant from judgment entered 2 July 1992 by Judge Claude S. Sitton in Mecklenburg County Superior Court. Heard in the Court of Appeals 31 August 1993.

*Petree Stockton, by David B. Hamilton and B. David Carson, for plaintiff-appellee.*

*William G. Robinson for defendant-appellant.*

JOHNSON, Judge.

Plaintiff brought suit against defendant both to enjoin him from selling an apartment project at execution sale while enforcing his lien obtained in an action entitled *C. E. Rowell v. Tantilla Associates,* 89 CVS 7238 Mecklenburg County Superior Court, and to determine the relative priority of security as between plaintiff and defendant.

In August 1986, defendant C. E. Rowell, from South Carolina, first began to supply labor and materials to the construction of a 53 unit apartment project in Charlotte. The owner of the project was Tantilla Associates (Tantilla), a North Carolina general partnership operated by two general partners, Carl and Joe Schneider. The general contractor for this project was Waller Development, Inc. (Waller) who was licensed in North Carolina. Waller did not perform any work on the project; Waller only went to the job site once or twice and was accommodating Carl Schneider by serving as the general contractor.

Defendant's contract with Tantilla was basically to work until the job was completed and to complete certain jobs commonly referred to as subcontract work. Tantilla was to pay defendant

for these jobs, at a rate of one half the savings to Tantilla, based on the other subcontract bids Tantilla had obtained. Carl Schneider asked defendant to hold out until the end of the job and he would be paid in full. Defendant performed his last work 29 December 1988.

On 19 December 1988, which was ten days before defendant's last performance of work, Tantilla executed a deed of trust on the real property to Metropolitan Life Insurance Co. (Metropolitan) to secure a $1,680,000.00 loan. Waller executed a contractor's affidavit on 9 December 1988 to evidence to Tantilla that Waller had performed his general contractor obligations and to induce Metropolitan to make this loan to Tantilla. The affidavit stated that as "general contractor," Waller constructed certain improvements which included the apartment complex; that Waller had been paid in full for construction at the property; and that

> [a]ll work, labor, services and materials utilized in the construction of the Improvements were furnished and performed at the instance of General Contractor, as general contractor, for and on behalf of Owner, and that General Contractor has paid in full all subcontractors, suppliers, laborers and materialmen for all work, labor and services performed on, and has fully and completely paid for all materials supplied or ordered for or used in connection with the Improvements, at the agreed price therefor or reasonable value thereof.

On 14 April 1989, defendant timely filed a claim of lien pursuant to North Carolina General Statutes § 44A-8 (1989) asserting a lien against the real property for labor and materials supplied in its improvement. On or about 12 June 1989, defendant filed a complaint against Tantilla and the Schneiders to enforce the lien by sale of the real property pursuant to North Carolina General Statutes §§ 44A-13 and 44A-14 (1989). On 10 June 1991, a judgment was entered in favor of defendant and against Tantilla and the Schneiders. The judgment awarded a total of $267,700.00 to defendant, with interest at the legal rate from 29 January 1989. The judgment further ordered a sale of the property to enforce the lien.

On or about 3 October 1991, defendant had execution issued upon the judgment. Pursuant to this execution, defendant sought sale of the real property at public auction. Subsequently, Metropolitan filed the action which is the subject of this appeal, seeking injunctive relief preventing defendant's execution sale of the property. Metropolitan filed a motion for summary judgment which the court

granted, finding that the lien of the deed of trust had priority over defendant's lien. In addition, the court denied a summary judgment motion filed by defendant. Defendant filed timely notice of appeal.

Defendant argues that the trial court erred when it granted summary judgment for plaintiff and denied defendant's summary judgment motion. Defendant argues that because defendant contracted only with the owner, defendant's lien rights were not waived under Waller's contractor's affidavit, because plaintiff did not establish that defendant was a first-tier sub-contractor under Waller. As a result, defendant claims that due to the relation-back nature of defendant's judgment lien, defendant has priority over plaintiff's deed of trust.

Plaintiff, however, contends that the dispositive issue on appeal is not whether defendant was a prime contractor or sub-contractor, but rather, whether the judgment is an ordinary judgment lien because the judgment imposed fails to meet the requirements of North Carolina General Statutes § 44A. If the judgment is an ordinary judgment lien, the judgment is effective from the date of entry.

Summary judgment is appropriate where there is no genuine issue as to any material fact and a party is entitled to judgment as a matter of law. N.C.R. Civ. P. 56. *Burton v. NCNB*, 85 N.C. App. 702, 355 S.E.2d 800 (1987). The goal of summary judgment is to allow the disposition before trial of an unfounded claim or defense. *Cutchin v. Pledger*, 71 N.C. App. 279, 321 S.E.2d 462 (1984).

North Carolina General Statutes § 44A-8 states:

**Mechanics', laborers' and materialmen's lien; persons entitled to lien.**

Any person who performs or furnishes labor or professional design or surveying services or furnishes materials pursuant to a contract, either express or implied, with the owner of real property for the making of an improvement thereon shall, upon complying with the provisions of this Article, have a lien on such real property to secure payment of all debts owing for labor done or professional design or surveying services or material furnished pursuant to such contract.

North Carolina General Statutes § 44A-10 (1989) states that "[l]iens granted by this Article shall relate to and take effect from the time of the first furnishing of labor or materials at the site of the improvement by the person claiming the lien." Liens granted by the Article are perfected upon filing of the claim of lien pursuant to North Carolina General Statutes § 44A-12 (1989), and actions to enforce the lien are instituted pursuant to North Carolina General Statutes § 44A-13.

Defendant timely filed a claim of lien pursuant to North Carolina General Statutes §§ 44A-8 and 44A-12. Our Court has stated "[i]t is apparent that 'labor' . . . contemplate[s] actual work done by the person claiming a lien, whether that person be a manual laborer, supervisor, or skilled professional, which *directly* impact[s] on the real property in question." *Southeastern Steel Erectors v. Inco, Inc.*, 108 N.C. App. 429, 434, 424 S.E.2d 433, 437 (1993) (emphasis retained). However, the evidence indicates that the claim of lien which defendant filed includes items that appear to be questionably lienable. For example, one item in the claim of lien states defendant was hired "as an employee to work on the Tantilla Apartments[.] . . . The general description of the employment contract . . . provid[ed] for $44,000 per year, plus $150 per week for gas expenses in using . . . [defendant's] truck for the owners." Another item states that "[o]wners also promised to pay [defendant's] bill at Myrtle Beach Lumber in the amount of $20,000 plus accumulated interest. This was an additional amount of [defendant's] employment contract." The judgment entered by the trial court resulting in defendant obtaining the statutory lien does not specifically address these questionable items; evidently, these items were resolved in determining the damages as to the breach of the contract to build and construct the project between defendant and Tantilla.

We further note that the amounts awarded in the judgment for specific items vary from the amounts set forth in the claim of lien; that the judgment contains two items which were not listed in the claim of lien; and that the total judgment award differs but does not exceed the total amount asserted in the claim of lien. (*But see Conner Co. v. Spanish Inns*, 294 N.C. 661, 242 S.E.2d 785 (1978), where the plaintiff timely filed a claim of lien under North Carolina General Statutes § 44A in the amount of $543,919.58 due under a construction contract, and a panel of arbitrators determined the amount of the lien on the property to be $195,936.00. In *Conner Co.*, 294 N.C. at 673, 242 S.E.2d at 792, *quoting Widenhouse*

*v. Russ*, 234 N.C. 382, 384, 67 S.E.2d 287, 289 (1951), the Court stated "it is material to ascertain and determine what amount, if any, was due by the owner . . . to the contractor[.]") And, the trial court's judgment award does not exceed the total amount asserted in the claim of lien, in compliance with North Carolina General Statutes § 44A-13(b) which states in pertinent part that "[j]udgment enforcing a lien under this Article may . . . not exceed[ ] the principal amount stated in the claim of lien enforced thereby."

However, we do not now question whether these concerns we have cited were properly or improperly considered by the trial court because this judgment, having not been appealed, is *res judicata*. After filing and perfecting this lien, defendant instituted an action to enforce the lien pursuant to North Carolina General Statutes § 44A-13. The judgment properly awards a total of $267,700.00 to defendant, with interest at the legal rate from 29 January 1989, and properly orders a sale of the property to enforce the lien. We further find that the trial court's omission of the effective date of the lien from the judgment should not bar plaintiff's lien, because "[p]laintiff should not be barred from the benefits of a remedy by the trial court's failure to include in its judgment the beginning . . . date[ ] of the work." *Jennings Glass Co. v. Brummer*, 88 N.C. App. 44, 52, 362 S.E.2d 578, 583 (1987), *disc. review denied*, 321 N.C. 473, 364 S.E.2d 921 (1988).

Plaintiff cites *Miller v. Lemon Tree Inn*, 32 N.C. App. 524, 233 S.E.2d 69 (1977) as standing for the proposition that a judgment which fails to meet the requirements of North Carolina General Statutes § 44A is only a money judgment. In *Miller*, the plaintiff filed a materialmen's claim of lien on the subject property, noting the record owner of the subject property and further noting the lessor and the lessor's assignee of the property; these latter parties were those with whom the plaintiff had contracted. The plaintiff obtained a judgment against the assignee of the lessor of the subject property and wanted this judgment declared a lien on the subject property; however, this judgment signed by the clerk of superior court did not refer to the site upon which plaintiff wanted a lien declared and did not relate the lien back to the date when labor and materials were first furnished at the site. In the case *sub judice*, defendant properly met the requirements of North Carolina General Statutes § 44A and the judgment signed by the trial judge referred to the site upon which plaintiff wanted a lien

declared and related the lien back to the date when labor and materials were first furnished at the site.

Because we find the judgment in defendant's favor properly ordered a sale of the property to enforce defendant's statutory lien, we find the lien relates back to the date of the first furnishing listed in the claim of lien and judgment. Therefore, defendant's lien has priority over the deed of trust held by Metropolitan.

The decision of the trial judge is reversed.

Judges WYNN and JOHN concur.