**METROPOLITAN LIFE INSURANCE CO. v. ROWELL**

[115 N.C. App. 152 (1994)]

———————————

METROPOLITAN LIFE INSURANCE CO., Plaintiff v. C. E. ROWELL, Defendant

No. 9226SC877

(Filed 7 June 1994)

**1. Liens § 40 (NCI4th)— beneficiary of deed of trust—not party to prior action—beneficiary not precluded from challenging lien which has been reduced to judgment**

A beneficiary of a deed of trust is not precluded, based on the doctrine of *res judicata*, from challenging the enforceability and priority of a claim of lien for labor and materials that has been reduced to judgment where the beneficiary was not a party to the prior action.

**Am Jur 2d, Mechanics' Liens §§ 386, 387.**

**2. Liens § 40 (NCI4th)— materialmen's lien—substantial compliance with statute—priority**

Defendant contractor's lien for labor and materials had priority over the deed of trust held by plaintiff where defendant's

claim of lien was in substantial compliance with N.C.G.S. § 44A-12; defects in the claim of lien were not found in defendant's judgment; the judgment awards defendant $267,700 with interest and properly orders a sale of the property to enforce the lien; the judgment is for less than the total amount asserted in the claim of lien; and the judgment properly refers to the date when labor and materials were first furnished to the site.

**Am Jur 2d, Mechanics' Liens §§ 263-283.**

Appeal by defendant from judgment entered 2 July 1992 by Judge Claude S. Sitton in Mecklenburg County Superior Court. Heard in the Court of Appeals 31 August 1993.

*Petree Stockton, L.L.P., by David B. Hamilton and B. David Carson, for plaintiff-appellee.*

*William G. Robinson for defendant-appellant.*

JOHNSON, Judge.

Plaintiff Metropolitan Life Insurance Company (hereafter, Metropolitan) timely petitioned for rehearing in this matter. We have granted this petition.

The facts of this appeal are set out in *Metropolitan Life Insurance Co. v. Rowell*, 113 N.C. App. 779, 440 S.E.2d 283 (1994). In this opinion, we address the basis for plaintiff's petition for rehearing. Plaintiff contends that in our previous opinion, we

held that a beneficiary of a deed of trust such as Metropolitan is precluded, based on the doctrine of *res judicata*, from challenging the enforceability and priority of a claim of lien that has been reduced to judgment, where that beneficiary was not a party to the prior lien enforcement action.

Plaintiff points out that our Court recognized and examined defects in defendant's claim of lien against Tantilla Associates, but went on to opine, "[h]owever, we do not now question whether these concerns we have cited were properly or improperly considered by the trial court because this judgment, having not been appealed, is *res judicata*." *Id.* at 784, 440 S.E.2d at 285.

[1] Plaintiff argues that "a beneficiary of a deed of trust is not precluded, based on the doctrine of *res judicata*, from challenging the enforceability and priority of a claim of lien that has been reduced to

judgment where the beneficiary was not a party to the prior action." Plaintiff cites *Assurance Society v. Basnight*, 234 N.C. 347, 67 S.E.2d 390 (1951), *Childers v. Powell*, 243 N.C. 711, 92 S.E.2d 65 (1956) and *Miller v. Lemon Tree Inn*, 32 N.C. App. 524, 233 S.E.2d 69 (1977) in support of its position. Our Court in *Miller*, 32 N.C. App. 524, 527-28, 233 S.E.2d 69, 72 stated:

> The law does not place upon the materialman the burden to join in the action to enforce his lien all parties who have acquired liens upon the property subsequent to the time the materialman first furnished labor and materials in order that the material-men's lien will relate back prior to the effective dates of the other liens. Only the owner of the property subject to the material-men's lien is required to be a party to an action to enforce the claim of lien. [Citations omitted.] However, it is axiomatic that a judgment cannot be binding upon persons who were not party or privy to an action. [Citation omitted.] [Trustees and beneficiary of the deed of trust] were not parties to the action by [the mate-rialman] to enforce its materialmen's lien. *Therefore, they were free to challenge the default judgment purporting to enforce [the materialmen's] lien in this action to foreclose their deed of trust in order to have the priority of the liens determined.* (Emphasis added.)

Accordingly, plaintiff is "free to challenge the . . . judgment pur-porting to enforce [defendant's] lien in this action . . . to have the pri-ority of the liens determined."

**[2]** Therefore, we once again examine defendant's judgment. In our previous opinion, we noted:

> [T]he evidence indicates that the claim of lien which defendant filed includes items that appear to be questionably lienable. For example, one item in the claim of lien states defendant was hired "as an employee to work on the Tantilla Apartments[.] . . . The general description of the employment contract . . . provid[ed] for $44,000 per year, plus $150 per week for gas expenses in using . . . [defendant's] truck for the owners." Another item states that "[o]wners also promised to pay [defendant's] bill at Myrtle Beach Lumber in the amount of $20,000 plus accumulated interest. This was an additional amount of [defendant's] employment con-tract." The judgment entered by the trial court resulting in defendant obtaining the statutory lien does not specifically address these questionable items; evidently, these items were

resolved in determining the damages as to the breach of the contract to build and construct the project between defendant and Tantilla.

We further note that the amounts awarded in the judgment for specific items vary from the amounts set forth in the claim of lien; that the judgment contains two items which were not listed in the claim of lien; and that the total judgment award differs but does not exceed the total amount asserted in the claim of lien.

*Rowell,* 113 N.C. App. at 783, 440 S.E.2d at 285.

In *Lowery v. Haithcock,* 239 N.C. 67, 73, 79 S.E.2d 204, 208 (1953), our Supreme Court stated that although individual items in a claim of lien failed to comply with the materialmen's lien statute, "[t]he notice of claim, generally speaking, is in substantial compliance with the statute and . . . must be upheld." (*See also Conner Co. v. Spanish Inns,* 294 N.C. 661, 242 S.E.2d 785 (1978), where the plaintiff timely filed a claim of lien under North Carolina General Statutes § 44A in the amount of $543,919.58 due under a construction contract, and a panel of arbitrators determined the amount of the lien on the property to be $195,936.00; and *Dail Plumbing, Inc. v. Roger Baker & Assoc.,* 78 N.C. App. 664, 338 S.E.2d 135, *disc. review denied,* 316 N.C. 731, 345 S.E.2d 398 (1986), where although the plaintiff filed a blanket materialmen's lien on a condominium complex, our Court instructed the trial court to apportion the lien so that it was in the amount of the value of labor and materials provided by the plaintiff as to a particular unit.)

In the case *sub judice,* defendant's claim of lien was in substantial compliance with North Carolina General Statutes § 44A-12 (1989). The defects in the claim of lien which we recognized and examined in our earlier opinion are not found in defendant's judgment. Defendant's "judgment properly awards a total of $267,700.00 to defendant, with interest at the legal rate from 29 January 1989, and properly orders a sale of the property to enforce the lien." *Metropolitan,* 113 N.C. App. at 784, 440 S.E.2d at 285. Nor does the trial court's omission of the effective date of the lien from the judgment bar defendant's lien. *Jennings Glass Co. v. Brummer,* 88 N.C. App. 44, 52, 362 S.E.2d 578, 583 (1987), *disc. review denied,* 321 N.C. 473, 364 S.E.2d 921 (1988). Finally, we again note that the trial court's judgment award ($267,700.00 with interest) did not exceed the total amount asserted in the claim of lien ($345,805.00). *See* North Carolina General Statutes § 44A-13(b) (1989).

Therefore, we find defendant properly met the requirements of North Carolina General Statutes § 44A, and the judgment signed by the trial judge properly referred to the site upon which defendant wanted a lien declared and related the lien back to the date when labor and materials were first furnished at the site. Defendant's lien has priority over the deed of trust held by plaintiff.

The decision of the trial judge is reversed.

Judges WYNN and JOHN concur.